

2100 Pennsylvania Avenue, NW
Washington, DC 20037–3213
T 202.293.7060
F 202.293.7860

www.sughrue.com

**William H. Mandir**
T 202.663.7959
wmandir@sughrue.com

BY ELECTRONIC FILING

September 12, 2018

      Re:   *Intri-Plex Technologies, Inc. v. NHK International Corporation et al.*,
              C.A. No. 3:17-cv-01097-EMC (N.D. Cal. filed Mar. 3, 2017)

The Honorable Edward M. Chen
U.S. District Court, Northern District of California
San Francisco Courthouse
Courtroom 5, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Chen:

      The parties in the above-referenced action submit this joint letter to seek resolution of a scheduling dispute. Plaintiff submits that the current schedule and trial date, which were set by the Court more than three months ago, provide ample time for the full and fair completion of fact and expert discovery and should remain unchanged, while Defendants request that all deadlines be pushed by 90 days in order to ensure a complete fact discovery and adequate time for experts to prepare their opening reports, which are presently due only one week after the close of fact discovery.

      Prior to the submission of this joint letter, the parties met and conferred on September 4 and 10, 2018. Lead trial counsel for the respective parties certify that, at this time, no agreement can be reached.

**Defendants' Statement**

      The Court has presently set a schedule (D.I. 114) for the remainder of the case, including deadlines for fact discovery (9/20/2018), expert discovery (11/1/2018), dispositive motions, and trial (3/25/2019). Previously, the Court had set a Status Conference for September 6, 2018, *i.e.*, two weeks before the close of fact discovery. Subsequently, and responsive to the parties informing the Court that they would be unavailable on September 6th due to depositions scheduled in Japan at the same time, the Court rescheduled the Status Conference for September 27, 2018. This date falls after the close of fact discovery and is on the eve of the parties' stipulated deadline for opening expert reports. Therefore, Defendants are requesting relief at this time, rather than waiting until the case management conference.

      To date, both parties have been working diligently to try to complete fact discovery under the present schedule. For example, numerous depositions have been taken in Seoul and Tokyo, and Defendants have completed their document productions. There are still, however, several outstanding matters that Defendants are not confident will be completed by the close of fact discovery. Moreover, even if these matters were to be completed by September 20, 2018, opening expert reports are due only one week later. Although this date had previously been



extended by one week via stipulation of the parties, it is now clear that this small window (one week) is insufficient for its experts to fully consider and incorporate, into their reports, discovery obtained at the close of fact discovery.

In detail, there are specific fact discovery matters that are unlikely to be completed by September 20th:

1. Defendants have identified several of Plaintiff's prior art products highly relevant to various invalidity defenses, and have timely requested further documents related to these products as well as inventorship and enforceability of the asserted patent. Among them, we have requested documents regarding 19 prior art products first disclosed in Plaintiff's document production of August 23, 2018. Additionally, we informed Plaintiff back in June that we intend to seek leave to amend our invalidity contentions to include certain of Plaintiff's prior art products once we receive confirmation that Plaintiff's production of documents regarding such products is complete. As of the writing of this letter, we have not yet received confirmation from Plaintiff, nor have we received a date certain as to when Plaintiff's production will be completed. Instead, Plaintiff has informed us that they still have outstanding documents responsive to document requests from December 2017 and July 2018. Defendants suspect that once Plaintiff does complete its document production, further discovery will be needed (whether it be from Plaintiff or, to the extent that Plaintiff does not have any of the requested documents, from third parties).
2. Several depositions are still outstanding.[1] Among these are one of the key inventors and ***all*** of IPT's 30(b)(6) designees, who Plaintiff has not produced for depositions until the eve of the fact discovery deadline. Defendants requested these witnesses' availabilities back in March to no avail, and subsequently noticed them in June. Defendants will need this discovery for opening expert reports on invalidity and possible follow-up discovery. Of note, these witnesses are designated to testify on topics relevant to Defendants' key defenses, including equitable estoppel and invalidity.
3. There are a number of outstanding subpoenas served by both parties on third parties, including three third-party subpoenas issued by Plaintiff in July. As of the writing of this letter, only one of the subpoenaed third parties has just produced responsive documents. Once these subpoenas are responded to, Defendants will likely have to take further discovery based thereon.
4. Defendants' invalidity and non-infringement expert, Dr. David Bogy, is scheduled for numerous medical procedures throughout October. Although we have already provided Plaintiff his limited availability for depositions in October, we are concerned that he will not be available to assist us in preparation for depositions of Plaintiff's expert(s).

---

[1] As Plaintiff notes below, five of their witnesses were made available for depositions all within the last month. None of these witnesses, however, were designated as 30(b)(6) witnesses and therefore did not adequately prepare for their depositions. This was true even for those topics that they were supposedly knowledgeable on as indicated in IPT's Initial Disclosures. Notably, IPT has held back all of their 30(b)(6) designees until the end of fact discovery.



In view of the above, Defendants are concerned that the current schedule and deadlines will prejudice our ability to adequately put forth a full and fair defense. Therefore, we respectfully request a 90-day extension on all deadlines in this case to ensure complete discovery and sufficient time for expert reports. Defendants note that this request conforms with the schedule that Plaintiff had originally envisioned, as Plaintiff had proposed a June trial date during prior negotiations over the schedule. Defendants also submit that such an extension will not prejudice Plaintiff, as the asserted patent has already expired, and Plaintiff waited a decade to file this action since it first approached Defendants with the patent, which is the basis for the equitable estoppel defense. Defendants' proposal for the extended deadlines is set forth in the attached Appendix.

**Plaintiff IPT's Statement**

Defendants' present request to extend the case schedule and postpone the trial date is the latest in a long line of attempts to delay resolution of this case. Most recently, the parties have had several discussions about the case schedule in connection with deposition scheduling. The parties came to an agreement to extend the date for expert reports by just over one week to address the concern that depositions would be taking place toward the end of fact discovery. And yet, during these discussions and when the parties filed a joint letter with the Court just two weeks ago (D.I. 131), Defendants made no mention that they intended to seek a delay of the entire remaining case schedule. IPT does not believe that this last minute request, or any of the specific issues identified by Defendants, warrants adjusting the case schedule or delaying trial.

1. IPT does not agree that there will be any outstanding document production remaining after the scheduled close of fact discovery on September 20. The August 23, 2018 production Defendants point to consists of IPT shipment records covering a wide array of IPT products. Rather than heavily redact these records, IPT alerted Defendants that the vast majority of information in the records was irrelevant to the patent-in-suit and this case. Nevertheless, Defendants sought additional information regarding 19 of the products in these records and IPT is producing technical documentation relating to those products today. Regarding Defendants' December 2017 document requests, IPT has completed its search for responsive documents and productions. Only discovery that Defendants served recently (as late as August 18) is still outstanding. Much of this discovery relates to specific products that are not relevant to this case or that were covered by IPT's searches for documents in response to Defendants' earlier requests. Nevertheless, IPT expects that any lingering document production, including information relating to products that IPT believes are irrelevant, will be completed by the scheduled close of fact discovery on September 20.

2. The parties met and conferred more than two weeks ago and scheduled the final two depositions in this case to take place on September 17 and 18, 2018, leaving more than a week and a half before opening expert reports are due.[2] Defendants agreed to those dates with no indication that they would seek a delay in the schedule. Defendants suggest that

---

[2] The parties had also scheduled Defendants' final witness for September 12, 2018. A few days ago, Defendants informed IPT that the witness needed to reschedule for personal reasons. The parties presently contemplate conducting this witness' deposition on September 20, 2018.



IPT has delayed the depositions of witnesses since March, but that is incorrect. In fact, IPT properly noticed fourteen of Defendants' witnesses for deposition in March (not the other way around). At that time, Defendants took the position that depositions were "premature" and sought to have discovery in this case track discovery in its two much later-filed cases, precipitating a discovery letter to the Court. The Court rejected Defendants' position and ordered that the noticed depositions of Defendants' witnesses "shall not be delayed" (D.I. 89). Nonetheless, although Plaintiff proposed numerous earlier dates, the vast majority of Defendants' witnesses were not made available until the last week of August in Seoul and the first week of September in Tokyo. By contrast, the first deposition notice that Defendants served on IPT was not until June 25, 2018. And, as of this letter, five of the seven witnesses Defendants noticed have already been deposed. IPT disagrees with Defendants' assertion that IPT's witnesses were not adequately prepared for their depositions, in marked contrast to Defendants' 30(b)(6) witnesses who testified that they did not know and were not prepared to discuss many of the topics noticed for deposition.

3. Substantial progress has been made on the third party subpoenas. IPT has received responses and objections from two of three third parties (the third subpoena is through the letters rogatory process), and one third party has also produced responsive documents. Defendants served a third-party subpoena in July and received a responsive document production this week. In addition, Defendants served a subpoena on an independent contractor of IPT in mid-August. Counsel for IPT is representing the independent contractor for purposes of the subpoena and has already served responses and objections. The parties have met and conferred regarding the subpoena and counsel for IPT expects that a small production of documents responsive to this subpoena will be completed by the close of fact discovery. Defendants also served an additional subpoena on a third party on September 4, 2016, but the requested information relates to events that Defendants have been aware of since the 2000s. Defendants' decision to wait until just weeks before the scheduled close of fact discovery to serve this subpoena is no reason to push out the discovery deadlines.

4. IPT is sensitive to Dr. Bogy's personal schedule, but Defendants provided five potential October deposition dates for Dr. Bogy's two depositions. Defendants have now indicated that two of those dates are no longer available, but that still leaves several available days in Dr. Bogy's schedule.

Consequently, IPT does not believe that any of the issues identified by Defendants necessitate a delay in the schedule, much less the postponement of trial.

Defendants argue that postponing the trial date is acceptable because IPT previously proposed a June 2019 trial date. This is misleading. During negotiations regarding the schedule back in April, IPT initially proposed a March 2019 trial date and Defendants proposed December 2019. In an effort to reach a resolution without requiring intervention by the Court, IPT expressed a willingness to compromise on a June 2019 trial date. Despite IPT's repeated efforts to reach a compromise, Defendants ultimately took the position that if IPT would not agree to their December 2019 trial date, the Court would need to decide. Now that the Court has selected IPT's proposed March 2019 trial date, Defendants should not be allowed to rely on a compromise that they turned down in order to delay the trial.



In another effort to reach a compromise, IPT presented Defendants with a proposal related to this letter that would provide more time for fact and expert discovery and would maintain the March 2019 trial date.  To resolve Defendants' concerns about the fact and expert discovery deadlines, IPT informed Defendants that it was willing to agree that no party would file any additional dispositive motions.[3]  This would allow the parties to add approximately one month to the fact discovery close and two months to the close of expert discovery.  Defendants rejected this proposal.

In sum, no good cause exists for extending the discovery schedule.  To the extent a minor modification to the schedule is necessary to accommodate a final deposition or production, it certainly should not interfere with the scheduled trial date in March 2019.  IPT has illustrated a minor modification to the schedule in the attached Appendix, which would provide an additional 18 days for fact discovery and 29 days for expert discovery.  Should any modification to the schedule be adopted, IPT also maintains that fact discovery should be extended only to resolve outstanding discovery issues and not to serve new discovery, which the parties have had ample time to prepare and serve.

Respectfully submitted,

*/s/ William H. Mandir*  */s/ Jeffrey E. Ostrow*

William H. Mandir (counsel for Defendants)  Jeffrey E. Ostrow (counsel for Plaintiff)

---

[3] Defendants already filed their one motion for summary judgment permitted under the Court's General Civil Standard Order, and therefore must request leave of the Court to file another.



Page 6

## APPENDIX

| Event | Current Deadline | Defendants' Proposed Deadline | IPT's Proposed Deadline[4] |
|---|---|---|---|
| Non-Expert Discovery Cut-Off | September 20, 2018 | December 19, 2018 | October 8, 2018 |
| Opening Expert Reports | September 28, 2018 | December 27, 2018 | October 19, 2018 |
| Rebuttal Expert Reports | October 19, 2018 | January 17, 2019 | November 9, 2018 |
| Expert Discovery Cut-Off | November 1, 2018 | January 30, 2019 | November 30, 2018 |
| Last Day to File Dispositive Motions | -- | | December 7, 2018 |
| Oppositions to Dispositive Motions Due | -- | | December 21, 2018 |
| Replies to Dispositive Motions Due | -- | | January 3, 2019 |
| Dispositive Motions, Last Day to be Heard | December 13, 2018 at 1:30 pm | March 14, 2019, or at the Court's convenience | January 17, 2019, or at the Court's convenience |
| Final Pretrial Conference | February 26, 2019 at 2:30 pm | May 28, 2019, or at the Court's convenience | March 5, 2019, or at the Court's convenience |
| Trial (5 days anticipated) | March 25, 2019 | June 24, 2019, or at the Court's convenience | March 25, 2019 |

---

[4] IPT's illustration shortens the suggested timeline per the Court's Standing Order on Guidelines re Calculation of Trial Time Line. IPT respectfully submits that, if the Court finds that an extension to the schedule is warranted, these minor modifications are a preferable alternative to delaying the scheduled trial date.