SQUIRE PATTON BOGGS LLP
Frank L Bernstein (State Bar No. 189504)
1801 Page Mill Road, Suite 110
Palo Alto, California 94304-1216
Telephone: (650) 843-3337
Facsimile: (650) 843-8777
frank.bernstein@squirepb.com

SUGHRUE MION, PLLC
William H. Mandir (*Pro Hac Vice*)
wmandir@sughrue.com
John F. Rabena (*Pro Hac Vice*)
jrabena@sughrue.com
Yoshinari Kishimoto (*Pro Hac Vice*)
ykishimoto@sughrue.com
Fadi Kiblawi (*Pro Hac Vice*)
fkiblawi@sughrue.com
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone:   (202) 293-7060
Facsimile:    (202) 293-7860

*Attorneys for Defendants*
NHK INTERNATIONAL CORPORATION; NHK
SPRING CO., LTD.; OGAKI SEIKO CO., LTD.;
and SEIKO HIGH TEC CORP.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| INTRI-PLEX TECHNOLOGIES, INC., <br><br> *Plaintiff,* <br> v. <br><br> NHK INTERNATIONAL CORP.; NHK SPRING CO., LTD.; OGAKI SEIKO CO., LTD.; and SEIKO HIGH TEC CORP., <br><br> *Defendants.* | Civil Action No. 3:17-cv-01097-EMC <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS** <br><br> Hearing Date:   December 13, 2018 <br> Hearing Time:   1:30 PM <br> Courtroom 5, 17th Floor <br> District Judge Edward M. Chen |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ..................................................................................1

RELIEF REQUESTED ..........................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................2

I. INTRODUCTION ..................................................................................................2

II. FACTUAL AND PROCEDURAL BACKGROUND.............................................2

III. ARGUMENT ..........................................................................................................4

    A. Defendants Have Been Diligent in Amending Their Invalidity Contentions .................................................................................................5

    B. IPT Will Not Suffer Any Prejudice From The Proposed Amendments To Defendants' Invalidity Contentions .........................................7

IV. CONCLUSION .......................................................................................................8

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 13, 2018, at 1:30 p.m., in Courtroom 5, United States District Court for the Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Judge Chen, Defendants NHK International Corp., NHK Spring Co., Ltd., Ogaki Seiko Co. Ltd., and Seiko High Tec Corp. (collectively, "Defendants") shall and hereby do move for an order granting this Motion for Leave to Amend Their Invalidity Contentions.

Defendants' Motion for Leave to Amend Their Invalidity Contentions is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Fadi N. Kiblawi and exhibits attached thereto, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

Pursuant to Patent Local Rule 3-6, Defendants respectfully request leave to amend their Invalidity Contentions to include grounds based on recent discovery of material prior art and information produced by Planitiff Intri-Plex Technologies, Inc. ("Plaintiff" or "IPT"). Thus, there is good cause for Defendants to amend their Invalidity Contentions, and Plaintiff Intri-Plex Technologies, Inc. will not suffer prejudice as a result of this amendment.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants respectfully request leave to amend their Invalidity Contentions to incorporate invalidity grounds based on: (i) a recently-discovered prior art base plate product made and sold by Plaintiff (IPT Swage Mount Model No. 15082-05, hereinafter "IPT 15082-05"); and (ii) recent discovery with respect to subject matter derived from a third party (Hutchinson Technology Inc. (HTI) Base Plate Drawing No. 0126882, hereinafter "HTI 0126882"). The specific additional grounds are:

- Anticipation by IPT 15082-05;
- Obviousness over IPT 15082-05;
- Obviousness over IPT 15082-05 in view of Frater or Aoyagi;
- Invalidity under 35 U.S.C. § 102(f) based on subject matter derived from HTI 0126882; and
- Invalidity under 35 U.S.C. § 102(f)/103(a) in view of subject matter derived from HTI 0126882.

Defendants' amendments are based on prior art learned from documents produced by Plaintiff as recently as September 2018. Moreover, Plaintiff's Rebuttal Report on Invalidity is not due until December 14, 2018. As such, there is good cause pursuant to Patent Local Rule 3-6 for Defendants to amend their invalidity contentions at this time. Additionally, because the added grounds are based on Plaintiff's own prior art and documents, and because Plaintiff has had sufficient notice of Defendants' intended use of this art, their inclusion now causes no prejudice.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to Patent Local Rule 3-3, Defendants timely served their original Invalidity Contentions on August 28, 2017. *See* Declaration of Fadi N. Kiblawi ("Kiblawi Decl.") ¶ 2. The original Contentions included prior art obtained after a diligent search, including an IPT base plate product (IPT Swage Mount Model No. 15030-02) that Defendants discovered by ordering and searching the file history of a patent different from that in-suit. *See id.* Defendants also originally contended that the asserted claims of the patent-in-suit ("the '841 Patent") are invalid under 35

U.S.C. § 102(f) in view of certain subject matter derived from HTI, and expressly "reserve[d] the right to supplement their disclosure regarding the circumstances under which the claimed invention was derived." *See id.*

Thereafter, Defendants served a discovery request specifically for "[a]ll Documents, Communications, and Things describing, referring to, relating to, or constituting Prior Art to the Patent-in-Suit (1) known to IPT, (2) that is or was in IPT's possession, custody, or control, and/or (3) that was identified to IPT by any third party, including but not limited to references identified in other negotiations, litigations, pre-filing investigations, or prosecution, even if you dispute that the material constitutes or discloses Prior Art." Kiblawi Decl. ¶ 3. IPT responded to this request in February 2018 by "refer[ring] Defendants to information that is publicly available from the United States Patent and Trademark Office" and alleging that "[it] is not otherwise aware of any non-privileged, non-cumulative, and relevant documents responsive to this Request." *Id*. ¶ 4.

IPT then filed a motion on April 2, 2018 seeking leave to supplement its Infringement Contentions to assert additional claims from the patent-in-suit, and to incorporate additional accused products. *See* D.I. 86. Defendants did not oppose IPT's supplementation to its asserted claims and accused products because "IPT's counsel previously notified Defendants that it intended to add additional asserted claims and accused products." D.I. 95 at p. 1. In that vein, Defendants' April 16, 2018 response to IPT's motion explicitly "reserve[d] the right to seek leave to further amend their invalidity contentions based on any prior art discovered in IPT's recent [April 11, 2018] production" of "over 2000 pages of documents." D.I. 95 at fn1. Defendants repeated this notice in a letter to IPT's counsel on June 22, 2018. Kiblawi Decl. ¶ 7, Ex. 1 ("Furthermore, please be advised that Defendants reserve the right to supplement their invalidity contentions to include any prior art obtained or learned from IPT's supplementations to its responses to Defendants' interrogatories and production requests.").

IPT's April 11th production included a single document referencing HTI 0126882, namely, an HTI technical drawing of the base plate product dated October 3, 1995 and stamped with another date, "11-15-95." *See* Kiblawi Decl. ¶ 5. Indeterminable from this document were the circumstances in which, and a definitive date as to when, IPT came into possession of this subject

matter. It was not until August 22, 2018 that Defendants first learned that IPT obtained and reviewed the HTI drawing "no later than November 15, 1995." *See id.* ¶ 11.

Prior to that, on July 5, 2018, Defendants' counsel wrote to IPT's counsel informing them that Defendants intend to seek leave to amend their Invalidity Contentions to incorporate, among other specified prior art, HTI 0126882 "once you have confirmed that your production [of prior art] is complete." Kiblawi Decl. ¶ 8, Ex. 2. As of the filing date of this motion, IPT has not yet completed its production with respect to its own prior art products.[1] *See id.* ¶ 9.

Meanwhile, on September 14, 2018, IPT produced its 11th volume of documents, which included a technical print for IPT 15082-05. *See* Kiblawi Decl. ¶ 13. Shortly thereafter, on October 4, 2018, Defendants' counsel wrote to IPT's counsel stating that "[w]hile your production of documents with respect to requested prior art products is still ongoing, we nonetheless will proceed now with our intent to seek leave to amend our invalidity contentions with respect to [IPT 15082-05 and HTI 0126882]." *Id.* ¶ 14, Ex. 3. Defendants also requested a meet-and-confer as to whether IPT intends to oppose these amendments. *See id.* ¶ 14, Ex. 3, Ex. 4.

On October 16, 2018, IPT responded that it intends to oppose the supplementations to the Invalidity Contentions. *See* Kiblawi Decl. ¶ 15. The parties subsequently met-and-conferred on October 19, 2018 with no agreement reached. *See id.* ¶ 15. The only basis IPT provided for its opposition to the amended Contentions was a bare allegation that the supplementations lack good cause, without any further details. *See id.* Defendants disagree and respectfully request leave from the Court to amend their Invalidity Contentions for good cause.

**III. ARGUMENT**

According to Patent Local Rule 3-6, "[a]mendment of…the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause." Among the non-exhaustive examples provided by the local rules for circumstances that support a finding of good cause is "[r]ecent discovery of material, prior art despite earlier diligent search." Patent L.R. 3-6(b). Based

---

[1] In view of the upcoming fact discovery deadline, Defendants have decided to go forward with this motion at this time, rather than wait for IPT to finally complete its production of prior art products. To the extent that any further amendments are needed based on prior art learned from IPT's forthcoming production, Defendants intend to address any such amendments at the Hearing on this motion.

on this rule, courts generally apply a two-step test for whether good cause for an amendment exists: (1) "whether the moving party was diligent in amending its contentions" and (2) "whether the non-moving party would suffer undue prejudice if the motion to amend were granted." D.I. 86 at p. 4 (quoting *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 WL 1309161, at *3 (N.D. Cal. Apr. 16, 2012). Here, there is good cause for Defendants to amend their Invalidity Contentions because (a) Defendants have been diligent in their amendments and (b) IPT will not suffer any prejudice as a result of these amendments.

### A. Defendants Have Been Diligent in Amending Their Invalidity Contentions

As described above, Defendants are seeking leave to amend their Invalidity Contentions to incorporate two recently-discovered prior art base plates produced by Plaintiff IPT: (1) IPT 15082-05, and (2) HTI 0126882. With respect to IPT 15082-05, there is no question that Defendants have been diligent in amending their Invalidity Contentions. This is because Defendants first learned of the dimensions of this prior art base plate from IPT's recent production of the corresponding technical print on September 14, 2018.[2] *See Fortinet, Inc. v. Palo Alto Networks, Inc.*, No. C-09-00036 RMW, 2010 WL 4608250, at *1 (N.D. Cal. Nov. 5, 2010) (allowing amendments to contentions six months after production of the relevant documents) (cited by IPT in D.I. 86 at p. 6).

Prior to this overdue production, IPT had misled Defendants in February 2018 to believe that it had completed its production of prior art within its possession in response to a comprehensive discovery request for such materials:

> Subject to and without waiving the foregoing general and specific objections, including without limitation all objections based on claims of privilege, IPT refers Defendants to information that is publicly available from the United States Patent and Trademark Office regarding the prosecution history of the Patent-In-Suit and information cited therein. **IPT is not otherwise aware of any non-privileged, non-cumulative, and relevant documents responsive to this Request**.

---

[2] The dimensions of the base plate are required for an invalidity analysis since the asserted claims are directed to a particular dimensional relationship. Without the technical print, the dimensions could not be obtained from a diligent search because (a) the technical print is not public (as evidenced by its designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), and (b) the product itself is decades old and not publicly available for sale.

(Kiblawi Decl. ¶ 4).

Only after subsequent IPT productions of other prior art materials did it become evident that IPT had withheld responsive materials within its possession. *See, e.g.,* Kiblawi Decl. ¶ 6, Ex. 1 ("A number of Prior Art products known to IPT, however, were subsequently produced for the first time months later…"). Accordingly, Defendants continued to press IPT to produce these prior art materials, and gave IPT notice as early as April 2018 that they intend to seek leave to amend their Invalidity Contentions to incorporate any prior art learned from IPT's "rolling" document productions. D.I. 95 at fn1; Kiblawi Decl. ¶ 6. Defendants' counsel even went as far as scouring IPT's voluminous productions for references to any base plate product around the timeframe of the '841 Patent's filing and serving targeted requests for documents related to these specific products. *See id.* ¶ 9.

Thus, Defendants diligently sought discovery on IPT's prior art products (including IPT 15082-05), and diligently amended their Contentions (vis-à-vis prior notice and filing of this motion) shortly after learning the dimensions of IPT 15082-05 from IPT's September production. *See Fortinet, Inc.*, 2010 WL 4608250, at *1 (cited by IPT at D.I. 86 at p. 5); *see also DCG Sys.*, 2012 WL 1309161, at *3 (finding diligence where notice of proposed amendments provided five weeks after a production) (cited by IPT at D.I. 86 at p. 6).

Defendants have also been diligent in amending their Invalidity Contentions with respect to the third party HTI product (HTI 0126882). Defendants first learned of this product's existence from a single document included in IPT's voluminous production of documents on April 11, 2018. *See* Kiblawi Decl. ¶ 5. On April 16, 2018, Defendants explicitly "reserve[d] the right to seek leave to further amend their invalidity contentions based on any prior art discovered in IPT's recent [April 11th] production." D.I. 95 at fn1. Defendants repeated this notice on June 22, 2018 and, in a letter from counsel dated July 5, 2018, specifically stated their intent to incorporate the HTI base plate into their Invalidity Contentions as prior art under 35 U.S.C. §§ 102(a), (b), and/or (f), pending further discovery. Kiblawi Decl. ¶¶ 7-8, Ex. 1, Ex. 2. Defendants subsequently sought further discovery, including a third party subpoena to HTI. *See id.* ¶ 10.

In the July 5th letter, Defendants informed IPT that, rather than seeking leave for the

amendments at that time, it would do so "once you have confirmed that your production [of prior art] is complete." Kiblawi Decl. ¶ 8, Ex. 2. Indeed, IPT took a similar tack in amending its Infringement Contentions, providing prior notice and waiting to seek leave for a single comprehensive amendment instead of piecemeal amendments. *See* D.I. 86 at p. 6. As argued by IPT in its own Motion, "Courts in this district routinely approve of comprehensive amendments rather than piecemeal ones." *Id.* (citing *Fox Factory, Inc. v. SRAM, LLC*, No. 3:16-CV-00506-WHO, 2017 WL 4658063, at *2 (N.D. Cal. Oct. 17, 2017). This Court allowed IPT to amend its Infringement Contentions. If IPT was diligent in incorporating products known for months in its comprehensive amendment to the Infringement Contentions, so too are Defendants in incorporating HTI 0126882 in one comprehensive amendment.

### B. IPT Will Not Suffer Any Prejudice From The Proposed Amendments To Defendants' Invalidity Contentions

IPT would not be prejudiced at least because it has long known about the proposed supplementations to the Invalidity Contentions (an argument first raised by IPT in support of its Motion to Amend Infringement Contentions, *see* D.I. 86 at p. 7). For example, Defendants' original Invalidity Contentions argued that the asserted claims are invalid under 35 U.S.C. § 102(f) in view of certain subject matter derived from HTI, and expressly "reserve[d] the right to supplement their disclosure regarding the circumstances under which the claimed invention was derived." *See* Kiblawi Decl. ¶ 2. Furthermore, on at least April 16, 2018 and June 22, 2018, Defendants notified IPT that they reserve the right to supplement their Invalidity Contentions based on prior art learned from IPT's productions. *See id.* ¶¶ 6-7, Ex. 1. On July 5, 2018, Defendants explicitly informed IPT's counsel that they intend to supplement their contentions to incorporate HTI 0126882 as § 102(f) prior art and to incorporate IPT prior art products once IPT's production of these products is complete. *Id.* ¶ 8, Ex. 2. And on October 4, 2018, just weeks after IPT belatedly produced the technical print for IPT 15082-05, Defendants gave notice that they would amend their Invalidity Contentions to incorporate IPT 15082-05 and HTI 0126882. *See id.* 14, Ex. 3. There is therefore no prejudice here because, in IPT's own words, "[t]here has been no ambiguity, and there is no surprise—particularly because the amendments are based in large part

on [Plaintiff's] own discovery responses." D.I. 86 at p. 7.

## IV. CONCLUSION

For the foregoing reasons, Defendants have good cause to amend their Invalidity Contentions and respectfully requests leave to do so.

DATED:  October 25, 2018                    Respectfully submitted,


By:  */s/ William H. Mandir*

*Attorneys for Defendants*
NHK INTERNATIONAL CORP.,
NHK SPRING CO., LTD.,
OGAKI SEIKO CO., LTD., and
SEIKO HIGH TEC CORP