| | |
|---|---|
| SIMPSON THACHER & BARTLETT LLP | SQUIRE PATTON BOGGS LLP |
| Jeffrey E. Ostrow (SBN 213118)<br>jostrow@stblaw.com<br>Michael H. Joshi (SBN 302184)<br>michael.joshi@stblaw.com<br>2475 Hanover Street<br>Palo Alto, California 94304<br>Telephone:  (650) 251-5000<br>Facsimile:   (650) 251-5002 | Frank L. Bernstein (SBN 189504)<br>frank.bernstein@squirepb.com<br>1801 Page Mill Road, Suite 110<br>Palo Alto, California 94304-1216<br>Telephone: (650) 843-3337<br>Facsimile: (650) 843-8777 |
| | SUGHRUE MION, PLLC |
| Noah M. Leibowitz (*Pro Hac Vice*)<br>noah.leibowitz@dechert.com<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of the Americas<br>New York, New York 10036-6797<br>Telephone:  (212) 698-3538<br>Facsimile:   (212) 698-3599 | William H. Mandir (*Pro Hac Vice*)<br>John F. Rabena (*Pro Hac Vice*)<br>Yoshinari Kishimoto (*Pro Hac Vice*)<br>Fadi Kiblawi (*Pro Hac Vice*)<br>2100 Pennsylvania Ave. NW<br>Washington, DC 20037<br>Telephone: (202) 293-7060<br>Facsimile: (202 293-7860 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTRI-PLEX TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NHK INTERNATIONAL CORPORATION;<br>NHK SPRING CO., LTD.; OGAKI SEIKO CO.,<br>LTD.; AND SEIKO HIGH TEC CORP.<br><br>Defendants. | Case No. 3:17-cv-01097-EMC (EDL)<br><br>**JOINT STATUS REPORT**<br><br>Case Management Conference<br>Date: December 11, 2018<br>Time: 10:30 a.m.<br>Before: Hon. Edward M. Chen<br>Courtroom: 5, 17th Floor |

Plaintiff Intri-Plex Technologies, Inc. ("Plaintiff" or "IPT") and Defendants NHK International Corporation, NHK Spring Co., Ltd., Ogaki Seiko Co., Ltd., and Seiko High Tec Corp. (collectively, "Defendants") hereby submit this Joint Status Report pursuant to Local Rule 16-10(d) and the Court's Order Amending Second Amended Case Management and Pretrial Order for Jury Trial of November 21, 2018 (D.I. No. 153).

As described in the parties' Stipulation and [Proposed] Order Amending Second Amended Case Management and Pretrial Order for Jury Trial (D.I. 152), the parties agreed to an extension to the schedule to allow for additional discovery in connection with certain "prior art" documents recently produced by IPT on November 9, 2018.  On November 21, 2018, the Court entered the Order Amending Second Amended Case Management and Pretrial Order for Jury Trial (D.I. 153), which extended Fact Discovery Cut-Off to February 26, 2019.

**Plaintiff's Statement**

IPT is working with Defendants to address Defendants' requests for additional discovery and IPT does not anticipate any disputes arising with respect to this discovery that will require the Court's attention.  Defendants are once again attempting to manufacture disputes as a further attempt to delay or derail trial in this case.  Nothing has meaningfully changed since the parties agreed on a 90-day extension of the fact discovery cut-off just two weeks ago.  And there is no reason to believe that discovery, which Defendants confirmed on a December 3, 2018 meet and confer includes further document productions from *Defendants*, cannot be completed in that timeframe.

With respect to depositions, there is no basis for them taking place in Washington, D.C.  This case is in California, the witnesses are in California, and Defendants have counsel in California.  As such, it would be improper to inconvenience the witnesses, particularly in view of the fact that IPT traveled to Tokyo and Seoul for the convenience of Defendants' witnesses.  Moreover, one of the newly noticed depositions is of an inventor who is neither a party nor employed by a party.  IPT has reached out to inquire about his availability and has no reason to

believe he will refuse to appear, provided that the deposition takes place in southern California and he is not unduly inconvenienced.

With respect to Defendants' Motion for Leave to Amend Their Invalidity Contentions (D.I. 141), Magistrate Judge Laporte has set a hearing date of January 8, 2019.  With respect to the other potential motions that Defendants state their intent to file or seek leave to file, IPT will respond to Defendants' submissions at an appropriate time if and when they are actually made.

## Defendants' Statement

As set forth below, Defendants are concerned that further discovery delays and disputes will continue to arise, jeopardizing Defendants' ability to complete the necessary discovery by the Court's Fact Discovery Cut-Off due date.[1]  Below, Defendants summarize the discovery delays, and to the extent the Court desires, Defendants' counsel will be ready to discuss any of these issues at the Case Management Conference on December 11, 2018:

1. **IPT's supplemental document productions** – The recently-produced prior art from IPT relates to IPT's products, and Defendants requested that IPT complete its production of responsive documents regarding these products on November 12, 2018. During a meet and confer held on December 3, 2018, IPT informed Defendants that production is still not complete, and it may be another "couple of weeks" or longer to collect and produce these documents.

2. **Further depositions** – Defendants must now take repeat depositions of the inventors of the patent-in-suit and of IPT in view of the recently-produced prior art.  This prior art should have been produced by IPT at the outset of this case pursuant to this Court's Patent Local Rule 3-2(a).  It is Defendants' view that any additional cost burden due to IPT's recently-produced prior art should be minimized.  To this end, Defendants noticed these depositions to take place in Washington D.C. (where lead

---

[1] To be clear, Defendants informed IPT's counsel during the December 3, 2018 meet-and-confer that Defendants' document productions are complete, although there may be some certified translations of previously-produced foreign-language email exchanges between IPT and Defendants remaining.

counsel is located) in mid-December.  During the December 3, 2018 meet and confer, however, IPT's counsel indicated that: (a) these depositions should take place in California, (b) one of the inventors who no longer works at IPT may refuse to be deposed again, and (c) IPT will let Defendants know the noticed deponents' availability in "the next couple of weeks" or later.  Besides these delays, the depositions may be further delayed depending on when IPT will produce its supplemental documents since these documents are necessary for the depositions.

3. **Notice of Additional Motions** – In the coming months, Defendants intend to file a number of motions resulting from IPT's recently-produced prior art.  These include:

   a. **Leave to Amend Answer** – Defendants intend to request leave to amend their Answer to include an affirmative defense of unenforceability due to inequitable conduct;

   b. **Leave to File Additional Summary Judgment Motions** – Defendants intend to seek leave to file a Summary Judgment Motion on invalidity based on the recently-produced prior art;[2]

   c. **Reconsideration of Previous Summary Judgment Order –** Defendants intend to request reconsideration of the prior Summary Judgment Order (D.I. 123) on invalidity based on indefiniteness (which stemmed from the *Markman* proceedings in this case).  The Court found the claim term "low profile" to be definite based on the extrinsic evidence, namely, the testimony of IPT's expert with respect to the state of the art at the time of the invention.  IPT's recent production of prior art documents, however, directly contradicts this testimony and raises substantial questions as to the credibility of IPT's expert and the weight that his testimony should be given; and

   d. **Leave to File Reply to Objection** - IPT filed an Objection (D.I. 154) to Defendants' Reply (D.I. 151) with respect to the pending motion to amend

---

[2] Defendants intend to also seek leave to file a Summary Judgment Motion based on equitable estoppel in light of the fact that IPT first asserted the patent in 2007 and waited nearly a decade to file the instant action.

their invalidity contentions.  Defendants intend to seek leave to reply to this Objection and enter contrary evidence.

DATED: December 4, 2018

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By:  */s/ Jeffrey E. Ostrow*

    Jeffrey E. Ostrow (SBN 213118)
    jostrow@stblaw.com
    Michael H. Joshi (SBN 302184)
    michael.joshi@stblaw.com
    2475 Hanover Street
    Palo Alto, California 94304
    Telephone: (650) 251-5000
    Facsimile: (650) 251-5002

    Noah M. Leibowitz (*Pro Hac Vice*)
    noah.leibowitz@dechert.com
    DECHERT LLP
    Three Bryant Park
    1095 Avenue of the Americas
    New York, New York 10036-6797
    Telephone:     (212) 698-3538
    Facsimile:       (212) 698-3599

*Attorneys for Plaintiff Intri-Plex Technologies, Inc.*

SQUIRE PATTON BOGGS LLP

By:  */s/ Frank L. Bernstein*

    Frank L. Bernstein (State Bar No. 189504)
    1801 Page Mill Road, Suite 110
    Palo Alto, CA 94065
    Telephone: (650) 843-3337
    Facsimile: (650) 843-8777
    frank.bernstein@squirepb.com

    William H. Mandir (*Pro Hac Vice*)
    John F. Rabena (*Pro Hac Vice*)
    Yoshinari Kishimoto (*Pro Hac Vice*)
    Fadi Kiblawi (*Pro Hac Vice*)
    SUGHRUE MION, PLLC
    2100 Pennsylvania Ave. NW
    Washington, DC 20037
    Telephone: (202) 293-7060
    Facsimile: (202) 293-7860

*Attorneys for Defendants*

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from William H. Mandir.

                                         */s/ Jeffrey E. Ostrow*
                                         Jeffrey E. Ostrow