1    SIMPSON THACHER & BARTLETT LLP

2    Jeffrey E. Ostrow (SBN 213118)
     jostrow@stblaw.com
3    2475 Hanover Street
     Palo Alto, California 94304
4    Telephone:    (650) 251-5000
     Facsimile:    (650) 251-5002
5
     DECHERT LLP
6
     Noah M. Leibowitz (*Pro Hac Vice*)
7    noah.leibowitz@dechert.com
     Three Bryant Park
8    1095 Avenue of the Americas
     New York, New York 10036-6797
9    Telephone:   (212) 698-3538
     Facsimile:   (212) 698-3599
10
     Michael H. Joshi (SBN 302184)
11   michael.joshi@dechert.com
     2440 W. El Camino Real, Suite 700
12   Mountain View, CA 94040
     Telephone:    (650) 813-4814
13   Facsimile:    (650) 813-4848

14   *Attorneys for Plaintiff*

15                      UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17                          SAN FRANCISCO DIVISION

18   INTRI-PLEX TECHNOLOGIES, INC.,          Case No. 3:17-cv-01097-EMC (EDL)

19                  Plaintiff,               **PLAINTIFF INTRI-PLEX
                                             TECHNOLOGIES, INC.'S NOTICE OF
20          v.                               MOTION AND MOTION FOR RELIEF
                                             FROM NONDISPOSITIVE PRETRIAL
21   NHK INTERNATIONAL CORPORATION;          ORDER OF MAGISTRATE JUDGE**
     NHK SPRING CO., LTD.; OGAKI SEIKO CO.,
22   LTD.; AND SEIKO HIGH TEC CORP.

23                  Defendants.

24

25

26

27

28

     IPT'S MOTION FOR RELIEF                       CASE NO. 3:17-CV-01097-EMC (EDL)

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 72-2, Plaintiff Intri-Plex Technologies, Inc. ("IPT") shall and hereby does move for an order granting this Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Motion for Relief"). Specifically, IPT objects to Magistrate Judge Laporte's Report and Recommendation Regarding Defendants' Motion for Leave to Amend the Invalidity Contentions (Dkt. 167) ("Report and Recommendation").

IPT's Motion for Relief is based on this Notice of Motion and Motion, the memorandum below, and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## RELIEF REQUESTED

IPT respectfully requests that this Court decline to adopt the Report and Recommendation, grant its Motion for Relief, and deny Defendants' Motion for Leave to Amend Their Invalidity Contentions (D.I. 141) ("Motion for Leave to Amend").

# I.    ARGUMENT

Local Rule 72-2 allows parties to file objections to nondispositive pretrial orders of a magistrate judge.  On such review, "the magistrate's factual determinations are reviewed for clear error" and "[t]he magistrate's legal conclusions are reviewed *de novo* to determine whether they are contrary to law."  *Equal Emp't Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (citations omitted).

## A.    Defendants did not establish diligence.

The Report and Recommendation finds diligence by Defendants based primarily on recent productions of documents by IPT.  But the focus on when IPT produced specific documents sidesteps the fundamental basis for IPT's opposition to Defendants' amendment.  Defendants lack diligence because the theory of invalidity they now allege is based on a new interpretation of the patent that Defendants could and should have disclosed much earlier in the case.[1]  The fact that IPT later produced documents that are only relevant under an interpretation of the patent that IPT had no reason to believe was part of this case is of no moment.

Specifically, IPT's objection to Defendants' proposed amendment is that Defendants calculate the geometry metric value from certain prints using tolerances, rather than nominal dimensions.  Prior to October 4, 2018, when Defendants first provided IPT with the substance of their proposed amendment, there is absolutely no evidence in this case—from the patent, the prosecution history, or either party—of the geometry metric value being calculated using anything other than nominal dimensions.  This is for good reason because, as discussed in more detail below, the patent unambiguously teaches that the geometry metric value is an inherent value of a given baseplate calculated from its nominal dimensions, without reference to tolerances.

The Report and Recommendation found that Defendants' proposed amendment did not inject a new theory into the case for two reasons.  First, it noted that "[w]hether the invalidating

---

[1] IPT did not object to Defendants' amendment with respect to certain 1994 HTI Documents and does not address those documents here.  However, the Report and Recommendation erroneously concluded that IPT did not dispute Defendants' proposed amendment with respect to HTI 0126882—a print that *is not* part of the **1994** HTI Documents, and *is* very much in dispute.  *See* Dkt. 167 at 4 and n.1.  This misunderstanding may have led Judge Laporte to discount the fact that, as discussed below, Defendants withheld their "tolerances" theory for nearly six months after HTI 0126882 was produced, contradicting any conclusion that Defendants were diligent during this time.

---

dimension is disclosed as the nominal dimension or within the manufacturing tolerances for the nominal dimensions is a distinction without a difference because they would still invalidate the patent." Dkt. 167 at 9-10.  But the assumption implicit in this sentence is exactly why the Report and Recommendation cannot stand.  In fact, this distinction makes a huge difference because the references Defendants now assert *only* fall within the claimed geometry metric value if tolerances may be used to calculate that value.  Judge Laporte merely assumed, with no consideration of claim construction, that tolerances may be used to calculate the geometry metric value and therefore could be invalidating.  To the contrary, the patent makes clear that the geometry metric value is calculated *only* using nominal values.  The parties have separately asked this Court for guidance on how to address this issue in light of the Report and Recommendation.  *See* Dkt. 168.

Second, the Report and Recommendation found that Defendants' interpretation of the patent is not new based on statements made by IPT and this Court during summary judgment proceedings relating to the term "low profile."  Dkt. 167 at 10-11.  Judge Laporte noted that both IPT and the Court acknowledged that dimensions have manufacturing tolerances.  But the discussion of tolerances during those proceedings related to the term "low profile" and had nothing to do with calculation of the geometry metric value.  IPT does not deny that individual dimensions may have tolerances.  But this does not speak to the question of which values the patent teaches may be used to calculate the geometry metric value—which is a separate element of the claims.  Indeed, as discussed below and in prior briefing (*see* Dkt. 148 at 5 and 7-9), even though the prosecution history of the patent included prints with tolerances, the patent nevertheless consistently and unambiguously teaches that the claimed geometry metric value is calculated using *only* nominal values—not tolerances.

The Report and Recommendation is also based on clearly erroneous findings regarding the parties' discovery history.  The Report and Recommendation makes note of IPT's February 9, 2018 response to Defendants' request for production relating to "Prior Art," and apparently subscribes to the notion that IPT withheld the documents that are now at issue.  But IPT properly and timely submitted responses and objections to that request and maintains that the request was overbroad, vague, and ambiguous.  In any event, it makes no sense that IPT should have searched

for and produced documents that are only relevant to the case under an interpretation of the geometry metric value that (i) is plainly inconsistent with the patent and (ii) Defendants did not disclose until more than nine months after serving their first set of document requests. In fact, the documents at issue in Defendants' proposed amendment were identified and produced in response to other requests, including requests that related to "Swage Mount Products" (instead of "Prior Art"), which were themselves overbroad. *See* Dkt. 154 at 2-3. The parties engaged in extensive meet and confers over the scope of Defendants' later requests and ultimately reached a compromise over the scope of documents IPT needed to search for and produce. *See id.* The documents now at issue were all produced in the normal course of discovery, and the discovery history is merely a distraction from Defendants' own lack of diligence in pursuing and disclosing their new theory of how the geometry metric value may be calculated.

Indeed, in connection with evaluating the parties' discovery history, Judge Laporte used the wrong dates when analyzing diligence. Crucially, the Report and Recommendation found that "Defendants persuasively argue that until IPT made its production of the IPT 15082-05 technical print [on September 14, 2018], nothing in the record disclosed tolerance ranges that anticipate the claims . . . ." Dkt. 167 at 11. This factual finding is clearly erroneous. In actuality, one of the prints that Defendants now assert—using tolerances to calculate the geometry metric value—is HTI 0126882, which was produced on April 11, 2018, *more than five months before* IPT 15082-05. *See* Dkt. 148 at 4-5 and 10-11. Further, despite amending their invalidity contentions in the interim, Defendants waited until July 5, 2018 to inform IPT that they intended to incorporate HTI 0126822, *see* Dkt. 148 at 10-11, and continued to withhold that the substance of their amendment was based on the new "tolerances" interpretation of the patent for nearly an additional three months. It was not until October 4, 2018 that Defendants first put IPT on notice that they believed the geometry metric value could be calculated using tolerances. *Id*. Therefore, at a minimum, Defendants had everything they needed to disclose their new interpretation of the geometry metric value *nearly six months* before they actually did.[2] The other products Defendants seek to

---

[2] As IPT explained previously, Defendants could and should have disclosed their "tolerances" interpretation even sooner, such as in connection with their initial invalidity contentions or during claim construction

incorporate all fall under the same "tolerances" interpretation of the geometry metric value as HTI 0126822 and do not affect whether Defendants were diligent in disclosing that new interpretation.

Consequently, the Report and Recommendation's conclusion that Defendants were diligent is contrary to law. Defendants cannot establish diligence when they delayed nearly six months in disclosing their new interpretation of the geometry metric value. IPT cited several cases (which Defendants made no attempt to address) where a lack of diligence was found after substantially shorter delays. *See* Dkt. 148 at 11. Moreover, because Defendants' proposed amendment is based on a new interpretation of the patent, allowing the amendment runs contrary to cases recognizing that the purpose of the local rules is to require early crystallization of theories and prevent a shifting sands approach to litigation. *See* Dkt. 148 at 4.

### B. Defendants' proposed amendment is futile.

The Report and Recommendation agreed that it was proper to consider whether Defendants' proposed amendments are futile, but admitted that this "argument on the merits is better directed to the presiding judge." Dkt. 167 at 11.[3] On the merits, the patent unambiguously teaches that nominal values, not tolerances, are used to calculate the claimed geometry metric value. *See* Dkt. 148 at 8 (the table in Column 4 of the patent uses only nominal values). As IPT explained in prior briefing, if tolerances are used to calculate the geometry metric value, the patent would have disclosed ranges of geometry metric values for each base plate. *See* Dkt 148 at 7-9. Yet, the patent and prosecution history consistently provide single geometry metric values calculated from nominal dimensions, even though those nominal dimensions come from prints that include tolerances. *See id*. This is clear and direct evidence that the patent teaches that only nominal values are used to calculate the geometry metric value, despite acknowledging that individual dimensions may have tolerances. Defendants provided no contrary evidence from the

---

proceedings. Dkt. 148 at 5-6. That the prints at issue were produced later does not change the answer to the question of what is the proper way to calculate the claimed geometry metric value.

[3] As IPT explained above and in a joint letter filed by the parties (Dkt. 168), the Report and Recommendation creates a dispute over claim construction. Whether or not Defendants are permitted to amend their invalidity contentions, the proper construction of the claimed geometry metric value must be addressed. As such, while IPT's arguments regarding futility are related to the claim construction dispute, they are not exhaustive of arguments supporting IPT's claim construction position, which IPT will present in the time and manner as directed by the Court.

---

patent or the prosecution history.  Instead, as addressed above, Defendants simply point to the Court's and IPT's acknowledgement during summary judgment proceedings that individual dimensions have tolerances.  But technical prints listing nominal dimensions with tolerances are clear from the patent and prosecution history; yet the patent consistently and *only* calculates the geometry metric value using nominal dimensions.  Defendants' "tolerances" interpretation is inconsistent with the patent.  As such, Defendants' proposed amendment, which is based entirely on their "tolerances" interpretation, is futile.

### C.      Defendants provided no justification for Frater and Aoyagi.

The Report and Recommendation concluded that Defendants were not in a position to assert Frater and Aoyagi until IPT produced IPT 15082-05.  But that is again erroneous.  Frater and Aoyagi are publicly available patents, published years before this case.  Moreover, Defendants assert Frater and Aoyagi for the exact same purpose as other references they asserted in their initial invalidity contentions (namely, to show a flange thickness of .200 mm).  Dkt. 148 at 10.  If Frater and Aoyagi can serve that purpose in combination with IPT 15082-05 now, they could have served that same purpose in the initial invalidity contentions.  As such, the addition of Frater and Aoyagi is a plainly transparent attempt to add new references without justification.  Defendants should not be permitted to add Frater and Aoyagi now when they could have simply asserted IPT 15082-05 in combination with their original references to accomplish the same result.

### D.      IPT would suffer prejudice.

The Report and Recommendation found that any prejudice is mitigated by the new case schedule, would not have changed *Markman*, or is the result of IPT's own recent productions.  These findings fail to appreciate that Defendants' "tolerances" interpretation is plainly inconsistent with the patent and that, by delaying disclosure of that interpretation, Defendants have now prevented IPT from debunking that interpretation through discovery and *Markman* while simultaneously arguing that IPT is at fault for failing to search for and produce documents under an interpretation of the patent it had no reason to believe was in the case.

## II.      Conclusion

For the foregoing reasons, Plaintiff requests that this Court grant its Motion for Relief.

---

DATED: January 29, 2019                    SIMPSON THACHER & BARTLETT LLP


                                           By:     /s/ Jeffrey E. Ostrow

                                                  Jeffrey E. Ostrow (SBN 213118)
                                                  jostrow@stblaw.com
                                                  2475 Hanover Street
                                                  Palo Alto, California 94304
                                                  Telephone: (650) 251-5000
                                                  Facsimile: (650) 251-5002

                                                  DECHERT LLP

                                                  Noah M. Leibowitz (*Pro Hac Vice*)
                                                  noah.leibowitz@dechert.com
                                                  Three Bryant Park
                                                  1095 Avenue of the Americas
                                                  New York, New York 10036-6797
                                                  Telephone:   (212) 698-3538
                                                  Facsimile:   (212) 698-3599

                                                  Michael H. Joshi (SBN 302184)
                                                  michael.joshi@dechert.com
                                                  2440 W. El Camino Real, Suite 700
                                                  Mountain View, CA 94040
                                                  Telephone:      (650) 813-4814
                                                  Facsimile:      (650) 813-4848

                                           *Attorneys for Plaintiff Intri-Plex Technologies, Inc.*